IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUAN ALFONSO RIVERA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-1192 |
| | § | Criminal Action No. H-03-287(1) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

ORDER

Pending before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document No. 30) filed by Juan Alfonso Rivera, and the Response to Motion for Relief Under 28 U.S.C. § 2255 and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Based (Civil Document No. 3, Criminal Document No. 31) filed by the United States of America. Having considered the motions, submissions, and applicable law, the Court determines Juan Alfonso Rivera's motion should be denied, and the United States' motion should be granted.

BACKGROUND

On August 5, 2003, the Grand Jury returned a two-count indictment in the Southern District of Texas, Houston Division, naming Juan Alfonso Rivera as sole defendant. Count one charged that Rivera knowingly conspired to distribute 100 grams

or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i) and § 846. Count two charged that Rivera possessed with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i) and 18 U.S.C. § 2. On October 28, 2003, Juan Alfonso Rivera, accompanied by counsel, pled guilty to both counts of the Indictment.

or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i) and § 846. Count two charged that Rivera possessed with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(i) and 18 U.S.C. § 2. On October 28, 2003, Juan Alfonso Rivera, accompanied by counsel, pled guilty to both counts of the Indictment.

At his sentencing on May 5, 2004, Rivera signed and submitted to the Court a waiver of his right to appeal his conviction and sentence, and the Government submitted a motion for downward departure from the United States Sentencing Guidelines ("Sentencing Guidelines").[1] On that same day, the Court heard and granted the Government's motion for downward departure. The Court remanded Rivera to the custody of the United States Bureau of Prisons to be imprisoned for concurrent 63-month terms, followed by concurrent four-year terms of supervised release.[2] Rivera, in accordance with the agreement, did not file a direct appeal of his conviction.

On April 6, 2005, Rivera filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his § 2255 motion, Rivera asks the Court to set aside his judgment of conviction and sentence. Rivera argues that his counsel provided

---

[1] While an explicit plea agreement did not exist between Rivera and the Government, Rivera's waiver of his right to appeal appears to have been in exchange for the Government's agreement to file a motion for downward departure.

[2] The sentencing of concurrent 63-month terms of imprisonment is below the Sentencing Guidelines range for the crimes to which Rivera pled guilty.

ineffective assistance by allegedly failing to secure a motion for downward departure and the Government violated his right to due process by allegedly refusing to file a motion for downward departure. On July 5, 2005, the United States filed its response and moved to dismiss Rivera's petition contending Rivera's counsel was not ineffective and the Government did not violate his right to due process.

## STANDARD OF REVIEW

In order to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 a petitioner must clear a "significantly higher hurdle" than would be required on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). This higher hurdle requires a petitioner to show both "cause" and "actual prejudice." *Id.* at 167-68; *see also United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the appeal was not made originally at trial or on direct appeal, and that petitioner suffered "actual prejudice" from the alleged errors. *Frady*, 456 U.S. at 168.

In order to prove "cause" a petitioner must show that an external obstacle prevented him or her from raising his or her claims either at trial or on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497-98 (1991). To prove "actual prejudice" the petitioner must show he or she suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170. When applying the "cause" and "actual prejudice" standard, § 2255

motions "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1991). Ineffective assistance of counsel, if shown and applicable, will satisfy to demonstrate the requisite cause and prejudice. *See Acklen*, 47 F.3d at 742.

## LAW & ANALYSIS

A.   *Rivera's Waiver of His Rights to Appeal*

A defendant can waive his right to file for relief under § 2255. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In order for a waiver of § 2255 relief to be effective, it must be an informed and voluntary decision on the part of the accused. *Id.* (stating "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."). Accordingly, as a general rule, an informed and voluntary waiver of § 2255 relief will be enforced. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

Here, Rivera signed an agreement wherein Rivera explicitly waived his ability to seek any post-conviction relief, including § 2255 relief. Moreover, the agreement expressly stated that Rivera understood the terms of the agreement and entered into it voluntarily. Accordingly, the Court determines Rivera waived his right to post-conviction relief by signing the agreement. *See White*, 307 F.3d at 343. Therefore, the

waiver in the agreement is enforceable and acts as a bar to the instant action.

B.  *Effect of Rivera's Ineffective Assistance of Counsel Claim on His Waiver*

Although Rivera waived his right to post-conviction relief, a claim of ineffective assistance of counsel may survive such a waiver if the ineffectiveness of counsel directly affects the validity of the waiver or the plea itself. *See White*, 307 F.3d at 342-43. Specifically, if counsel induced the defendant to enter into a plea agreement unknowingly or involuntarily, then the defendant is afforded the right to seek post-conviction relief even if the agreement indicates waiver of such rights. *See id*. In other words, waiver of the right to seek post-conviction relief is invalid if ineffective assistance of counsel caused the defendant to enter into the agreement waiving such rights. However, ineffective assistance of counsel allegations that do not question the validity of the waiver, or the plea itself, are barred as a result of a waiver of post-conviction relief. *See id.*

Rivera does not allege that ineffective assistance of counsel induced him to enter into the agreement unknowingly or involuntarily. Rather, Rivera alleges his counsel was ineffective at sentencing because counsel allegedly failed to secure a downward departure. Because Rivera fails to demonstrate how ineffective assistance of counsel affected the validity of the agreement itself, Rivera's waiver of post-conviction relief is valid and his claims of ineffective assistance of counsel are barred. *See id.*

Nevertheless, the Court will examine the merits of Rivera's claims.

C.   *Ineffective Assistance of Counsel Claim*

Rivera asserts that counsel abrogated his right to effective assistance of counsel by failing to secure performance of the terms of his agreement with the Government. The agreement stipulated that the Government would file a motion for downward departure in return for Rivera's substantial assistance. As Rivera filed his motion *pro se*, the Court liberally construes Rivera's motion and holds it to a less stringent standard than the Court would formal pleadings submitted by a lawyer. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *S.E.C. v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).

To prevail on a claim of ineffective assistance of counsel, the petitioner must allege and prove that counsel erred and that those errors deprived the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate ineffective counsel, the petitioner must pass the two-pronged *Strickland* test. *Id.* First, the petitioner must show counsel's performance was deficient. Second, the petitioner must show counsel's deficient performance prejudiced the defense. *Id.*

   1.   **Deficiency of Counsel**

To prove counsel's deficiency, the petitioner must demonstrate that the representation fell below an "objective standard of reasonableness." *Id.* at 687-88.

When determining deficiency of representation, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. A petitioner must overcome a strong presumption of reasonably adequate performance by his attorney in order to prove deficiency. *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996).

Rivera contends his counsel was deficient by failing to secure a downward departure from the applicable guideline imprisonment range based on his substantial assistance to the Drug Enforcement Administration. Despite Rivera's contention, the Court finds counsel's representation was not deficient. In fact, contrary to Rivera's claims, Rivera's counsel did in fact secure a departure from the Sentencing Guidelines range pursuant to U.S.S.G. § 5K1.1.

In addition, the Court cannot otherwise determine counsel acted deficiently. Under the circumstances, counsel's recommendation that Rivera enter an agreement with the possibility of a motion for downward departure constitutes effective assistance of counsel. The Government's case against Rivera was strong. Agents recorded Rivera's negotiations, observed his conduct at the time of the offense, and discovered contraband in Rivera's possession at the time of Rivera's arrest. Through pleading guilty, Rivera secured a substantial reduction in his sentencing exposure. Therefore, counsel's recommendation to enter the agreement falls within the objective standard of reasonableness; thus the representation was not deficient. Nevertheless, the Court

will examine whether Rivera was prejudiced.

2. **Prejudice to Defendant**

To prove the defendant was prejudiced by counsel's performance, one must show that "but for counsel's errors, there is a reasonable probability that the final result would have been different . . . ." *Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005). To establish prejudice in the sentencing phase, a petitioner must show "a reasonable probability that but for the trial counsel's errors his non-capital sentence would have been significantly less harsh." *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994) (citing *Spriggs v. Collins*, 933 F.2d 85, 88 (5th Cir. 1993)). In determining whether such prejudice exists, the court must consider factors such as "the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *Id*.

Even had counsel erred, Rivera is unable to show prejudice. Rivera cannot show a reasonable probability his sentence would have been less harsh had counsel proceeded in any alternate manner regarding the downward departure. In fact, contrary to Rivera's assertions, the Government did file a motion for departure from the Sentencing Guidelines. Furthermore, the Court granted the Government's motion for downward departure thus reducing the offense level. Rivera also received an additional

8

three-level reduction for acceptance of responsibility. Under these facts, Rivera cannot demonstrate that any probability existed that his sentence would have been significantly less harsh had counsel proceeded in any alternate manner.

D.    *Alleged Bad Faith*

Rivera asserts the Government acted in bad faith in declining to file a motion for downward departure pursuant to U.S.S.G. § 5K1.1. While the Government has the power to submit a motion for downward departure, the Government is not under a duty to file such a motion. *Wade v. United States*, 504 U.S. 181, 185 (1992). However, in dealing with a defendant, the Government can sacrifice its discretion and obligate itself to move for a downward departure. *United States v. Garcia-Bonilla*, 11 F.3d 45, 46-47 (5th Cir. 1993). In the present case, however, such a sacrifice of discretion is not at issue because the motion for downward departure was in fact filed with the Court on May 5, 2005. Furthermore, the Court granted the motion and reduced Rivera's sentence accordingly. Therefore, Rivera's claim that the Government acted in bad faith must fail.

## Conclusion

Rivera waived his § 2255 rights in the agreement. His claims of ineffective assistance of counsel during sentencing fail to survive the waiver. Assuming,

*arguendo*, that Rivera's claims of ineffective assistance of counsel survived the waiver, his specific allegations of ineffective assistance of counsel nevertheless fail. Rivera's claim that the Government acted in bad faith in declining to file a motion for downward departure also fails. Given the foregoing, the Court hereby

ORDERS the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Civil Document No. 1, Criminal Document 30) filed by Juan Alfonso Rivera is DENIED. The Court further

ORDERS the Response to Motion for Relief Under 28 U.S.C. § 2255 and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Based (Civil Document No. 3, Criminal Document No. 31) filed by the United States of America is GRANTED.

SIGNED at Houston, Texas, on this 10th day of November, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge